UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:19-CR-170-TAV-DCP ) |
| FRANK MCNIEL, | ) ) |
| Defendant. | ) ) |

# ORDER

This criminal case is before the Court on the Report and Recommendation ("R&R") [Doc. 10] entered by United States Magistrate Judge Debra C. Poplin recommending that the Court: (1) accept defendant's guilty plea to the single count in the information [Doc. 3]; and (2) adjudicate defendant guilty of distributing a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). In the R&R, Judge Poplin also noted that although it appears 18 U.S.C. § 3143(a)(2) provides for mandatory detention of defendant pending sentencing, defendant was released under the terms and conditions set forth in the Order Setting Conditions of Release [Doc. 9]. Accordingly, Judge Poplin ordered the parties to submit position statements addressing the release or detention of defendant pending sentencing. The defendant submitted such a statement. The government did not. The Court will first address the issue of defendant's detention or release pending sentencing before turning to Judge Poplin's recommendations.

Defendant argues that he should be released pending sentencing pursuant to 18 U.S.C. § 3145(c) in light of exceptional circumstances [Doc. 11]. In support, defendant

points to the following factors: (1) defendant's age (seventy-nine (79) years old), (2) his lack of criminal history, (3) his medical history and poor physical condition, (4) his role as the sole caregiver to his adult son, who has a severe mental condition, several days per week, and (5) defendant's projected guideline range (which falls in Zone B). Defendant further notes that his conviction involves the writing of a prescription for one bottle of oxycodone several years ago, there are no allegations that he has a drug addiction problem, he agreed to surrender his medical license in early 2018, and there are no allegations that he continued to see patients or write prescriptions. He asserts that he has no reason to flee and that there is no evidence suggesting he poses a danger to the community.

A defendant who has been found guilty of certain offenses, including that to which defendant pled guilty, is subject to mandatory detention pursuant 18 U.S.C. § 3143(a)(2). A defendant who is subject to detention pursuant to section 3143(a)(2) may, however, be released if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate. 18 U.S.C. § 3145(c). Upon a determination that exceptional circumstances exist, the Court must determine defendant's risk of flight or danger to the community. 18 U.S.C. §§ 3143(a)(1), 3145(c).

The Sixth Circuit has found that section 3145(c) does not preclude a district judge from making a determination of exceptional circumstances in support of release even though that provision appears at the close of a section on review and appeal. *United States v. Cook*, 42 F. App'x 803, 804 (6th Cir. 2002); *United States v. Christman*, 596 F.3d 870, 870–71 (6th Cir. 2010) (holding that a district court erred in not considering whether a

defendant had established exceptional reasons to support the defendant's request for release pending sentencing). The Sixth Circuit has not defined what constitutes exceptional reasons that would justify release pending sentencing, but there is some guidance in the case law that the circumstances must be out of the ordinary or uncommon. *United States v. Miller*, 568 F. Supp. 2d 764, 774 (E.D. Ky. 2009) (citing *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991); *United States v. Koon*, 6 F.3d 561, 565 (9th Cir. 1993); *United States v. Kaquatosh*, 252 F. Supp. 2d 775, 777 (E.D. Wis. 2003)). The determination as to whether exceptional circumstances exist is therefore left to the discretion of the district judge and is a case-by-case, fact-intensive inquiry. *See Cook*, 42 F. App'x at 803–04.

Based on the facts discussed in defendant's statement and in light of the lack of any objection by the government, the Court finds that exceptional circumstances exist. Courts have found that family hardship or a defendant's position as a caregiver alone does not constitute an "exceptional reason" to justify release under 18 U.S.C. § 3145(c), *Miller*, 568 F. Supp. 2d at 777 (citing *Cook*, 42 F. App'x at 804), and similarly that chronic health conditions, as compared to immediate medical needs like surgery, alone cannot be "exceptional." *United States v. Varney*, No. 12-09-ART-HAI-(1), 2013 WL 2406256, at *1 (May 31, 2013). Notwithstanding, the Court finds that defendant's familial situation in combination with his advanced age, his total lack of criminal history, and his physical condition, amount to exceptional circumstances justifying his release under section 3145(c). *See DiSomma*, 951 F.2d at 497 (holding that exceptional circumstances are "a unique combination of circumstances giving rise to situations that are out of the ordinary.")

As he notes in his statement, defendant is seventy-nine (79) year-old first-time offender; he has suffered multiple strokes; and his current physical condition causes him to struggle with balance and stamina. Further, he is the sole caregiver to his mentally ill adult son several days per week. The combination of these factors creates circumstances which are out of the ordinary or uncommon.

Having found that exceptional reasons exist here, the Court turns to defendant's risk of flight or danger to the community. *See* 18 U.S.C. § 3145(c) (requiring the satisfaction of conditions in § 3143(a)(1) for release). Given defendant's physical condition, his advanced age, his projected guideline range falling within Zone B, and his agreement to surrender his medical license and no longer see patients or write prescriptions, the Court determines by clear and convincing evidence that defendant, poses neither a risk of flight nor a danger to the community. In conclusion, because exceptional circumstances exist and defendant poses neither a risk of flight nor a danger to the community, the Court orders defendant released pending sentencing pursuant to 18 U.S.C. § 3145(c).

Next, turning to Judge Poplin's recommendations, there have been no timely objections to the R&R, and enough time has passed since the filing of the R&R to treat any objections as having been waived. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Fed. R. Crim. P. 51. After reviewing the record, the Court agrees with Judge Poplin's report and recommendation. Accordingly, the Court **ACCEPTS** and **ADOPTS** the R&R [Doc. 10] pursuant to 28 U.S.C. § 636(b)(1). The Court **ORDERS** as follows:

1. Defendant's plea of guilty to the single count of the information is **ACCEPTED**;

2. Defendant is hereby **ADJUDGED** guilty of distributing a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C);

3. Defendant **SHALL REMAIN** out of custody subject to the Order [Doc. 9] until further order of this Court for sentencing in this matter which is scheduled to take place on March 26, 2020.

IT IS SO ORDERED.

                                      s/ Thomas A. Varlan
                                      UNITED STATES DISTRICT JUDGE